**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOSEPH CINQUINI,**

        Plaintiff,

**vs.**                         **CASE NO. _____**

**SYNCHRONY BANK f/k/a**
**GE CAPITAL RETAIL BANK,**

        Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

**INTRODUCTION**

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq*. ("TCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 47 U.S.C. § 227(b)(3). *See* Mims v. Arrow Financial Services, LLC, No. 10-1195, 2012 U.S. LEXIS 906, 2012 WL 125429 (Jan. 18, 2012). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

3. Plaintiff, Joseph Cinquini is a natural person and a citizen of the State of Florida, residing in Pinellas County in the Middle District of Florida.

4.  Defendant, Synchrony Bank formerly known as GE Capital Retail Bank is a chartered National Bank with a principal place of business at 170 West Election Road, Suite 125, Draper, Utah 84020.

## FACTUAL ALLEGATIONS

5.  Beginning on or about January 18, 2013, Defendant began using an automatic telephone dialing system or a pre-recorded or artificial voice to place daily, repeated telephone calls to Plaintiff's cellular telephone number.

6.  Plaintiff's cellular telephone number is 727-███-6465.

7.  From January 18, 2013 to March 13, 2013, Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place no less than 209 telephone calls to Plaintiff's aforementioned cellular telephone number.

8.  On most days, Defendant placed five telephone calls per day to Plaintiff's aforementioned cellular telephone number.

9.  On more than one occasion, Defendant placed seven telephone calls per day to Plaintiff's aforementioned cellular telephone number.

10. The telephone calls placed by Defendant originated from various telephone numbers belonging to Defendant, including, but not limited to:

    605-355-5648

    480-707-4006

    937-534-2092

    937-534-2167

    480-707-4008

>  651-286-5023
>
>  800-292-7508

11. Many of the telephone calls resulted in partial pre-recorded voicemail messages being left on Plaintiff's voicemail system.

12. The following voicemail message are representative of the partial pre-recorded messages Defendant left on Plaintiff's voicemail system:

> <u>January 18, 2013 at 8:08 AM</u>
> Joseph N. Cinquini. Press 1 to continue in English.
>
> <u>February 12, 2013 at 7:47 AM</u>
> --call. Please stay on the line.
>
> <u>February 22, 2013 at 7:28 PM</u>
> Hello, I have a call for you. Please hold while I connect you.

13. Many of the partial pre-recorded messages were followed by a live person stating, "Hello? Hello?"

14. Defendant initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

15. Alternatively, Defendant initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to Defendant or that Defendant mistakenly believed it had.

16. On March 11, 2013, Defendant received written notification that Plaintiff was represented by an attorney with respect to the alleged debt.

17. A copy of the March 11, 2013 correspondence and fax verification report is attached hereto as Exhibit A.

18. In addition to notifying Defendant that Plaintiff is represented by an attorney with respect to the alleged debt, the March 11, 2013 correspondence states, "Notwithstanding my representation, be on notice that my client hereby directs you to cease and desist all further communication with my client and hereby expressly revokes any prior consent that may have been given to call any telephone number."

19. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place no less than ten (10) telephone calls to Plaintiff's aforementioned cellular telephone number after it received the March 11, 2013 correspondence.

20. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

21. Defendant willfully or knowingly violated the TCPA.

## COUNT I
**AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)**

22. Plaintiff incorporates Paragraphs 1 through 21 above as if fully set forth herein.

23. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. A declaration that Defendant's debt collection practices violate the TCPA;

c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ James S. Giardina
[ X ] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[   ] Kimberly H. Wochholz
Fla. Bar No. 0092159
**The Consumer Rights Law Group, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*